UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAWNE SMITH,

    Plaintiff,

v.

COMMERCIAL RECOVERY SYSTEMS, INC.,

    Defendant.

CASE NO.

_____/

### PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, DAWNE SMITH ("Plaintiff"), by and through the undersigned attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, COMMERCIAL RECOVERY SYSTEMS, INC. ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the State of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL      1

## PARTIES

5. Plaintiff is a natural person who resides in Lake Wales, Polk County Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

6. Plaintiff is informed, believes, and thereon alleges, that Defendant is a national company with a business office in Dallas, Texas.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

8. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Defendant places collection calls to Plaintiff seeking and demanding payment of an alleged debt for a Signature Loan.

10. Defendant's agent, Dennis Cole, started calling Plaintiff a few weeks ago on her work telephone at (863) 679-4366, from (800) 214-5356.

11. Defendant's agent refused to provide Plaintiff with the account balance and refused to send Plaintiff a debt validation letter.

12. Defendant's agent, Dennis Cole, told Plaintiff that if a payment of $110 was not received by July 15, 2011, the account would go to the "lien department".

13. Plaintiff did not make a payment by July 15, 2011 since Defendant failed to send Plaintiff a written communication as per her request.

14. Defendant's agent, Dennis Cole, called back and informed Plaintiff that he would

send the account to the "lien department" and garnish her wages.

15. When Plaintiff informed Defendant's agent that she worked for the Department of Corrections; Defendant replied "oh, where the criminals go, just like you".

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

16. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

a) Defendant violated §1692d of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

b) Defendant violated §1692e(4) of the FDCPA by threatening to garnish Plaintiff's wages.

c) Defendant violated §1692e(5) of the FDCPA by threatening to send Plaintiff's account to the "lien department" when such action cannot legally be taken.

d) Defendant violated §1692e(7) of the FDCPA by falsely representing that Plaintiff committed a crime when Plaintiff told Defendant that she worked in a place where criminals, just like Plaintiff go.

e) Defendant violated §1692e(10) of the FDCPA by using false and deceptive means to collect a debt when Defendant threatened to send Plaintiff's account to the "lien department" and to garnish her wages if payment was not made.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

17. Statutory damages of $1,000.00 pursuant to the FDCPA, 15 U.S.C. 1692k;

18. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL 3

19. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By: *Shireen Hormozdi*
Shireen Hormozdi
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone: (323) 988-2400 ext. 267
Fax:    (866) 802-0021
Attorney for Plaintiff
FBN: 0882461

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DAWNE SMITH, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA)
COUNTY OF POLK)

Plaintiff, DAWNE SMITH, says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, DAWNE SMITH, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 8-9-11

_____
DAWNE SMITH
Plaintiff

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL 5